UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

JANE DOE, individually, and on behalf of all
others similarly situated,

<table>
<tr><td>Plaintiff,</td><td>**ORDER**</td></tr>
<tr><td>-against-</td><td>26-cv-01281 (PCG)</td></tr>
</table>

TERMAS DEL ARAPAY MANAGEMENT S.A.;
and BOL-SB HOUSE S.A.,

Defendants.

------------------------------------------------------------------X

**PEGGY CROSS-GOLDENBERG, United States Magistrate Judge:**

On March 5, 2026, Plaintiff Jane Doe initiated the instant putative class action against

Defendants Termas Del Arapay and BOL-SB House S.A., alleging that Defendants operate an

illegal and unregulated gambling platform that is marketed as "legally licensed and fully

regulated." (See Complaint, ¶ 57 ("Compl.")) On April 9, 2026, Plaintiff filed a Motion for

Leave to Proceed Under a Pseudonym and a declaration in support of her motion. (Dkt. No. 10,

Mot. for Leave to Proceed Under a Pseudonym; Dkt. No. 11, Mot. for Leave to Electronically

File Document under Seal.) On May 8, 2026, Plaintiff filed an Amended Complaint and a

proposed summons, which was not issued due to the instant pending motion. As such,

Defendants have not been served, have not appeared, and Plaintiff's motion is unopposed. On

May 29, 2026, Plaintiff filed a letter informing the Court of a recent decision from the Western

District of Washington granting a plaintiff leave to proceed under a pseudonym in a case against

online gambling businesses. (Dkt. No. 13, Ex. A.) The Court PROVISIONALLY GRANTS

Plaintiff's motion without prejudice for the reasons stated below.

1

## 1) Relevant Background

Plaintiff is a criminal defense attorney who practices in state and federal court. Plaintiff "wagered and lost thousands of dollars in real-world currency" between January 2025 and January 2026 on the BetOnline Gambling websites operated by Defendants. (Compl. ¶ 75, Dkt. No. 10-1, Mem. of Law in Support of Mot. to Proceed Under Pseudonym, at 3.) Plaintiff claims that she has suffered "severe and ongoing psychological harm" and has "developed a gambling addiction, has experienced anxiety, shame, stress, and suicidal ideation, and has begun attending therapy for gambling addiction." (Id. at 3.) Plaintiff supports her motion with a letter from Frank Grazioli, LCSW, Supervising Clinician and Assistant Clinical Director at the Columbia Gambling Disorder Clinic, where plaintiff is receiving treatment. (See Dkt. No. 11, Ex. 1 ("Grazioli Letter".)) Mr. Grazioli states that Plaintiff's "diagnostic assessment was found to be consistent with a severe Gambling Disorder." (Id.) In her accompanying declaration, Plaintiff states that she fears that, if her name becomes public, she "will have difficulty finding new clients and gaining clients' and potential clients' trust for [her] criminal defense work." (Dkt. No. 11, ¶ 8.) She also believes that her "stress, anxiety, and depression will grow and that [she] will experience setbacks in [her] therapy." (Id. ¶ 9.) Finally, Plaintiff fears "online commentary" about her. (Id. ¶ 10.)

## 2) Analysis

Under Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of [a] complaint must name all the parties." Fed. R. Civ. P. 10(a). Because "identifying the parties to the proceeding is an important dimension of publicness," this requirement, "though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 188–

89 (2d Cir. 2008). In fact, "there is a presumption that a plaintiff will proceed under her own name." <u>Doe v. Telemundo Network Grp. LLC</u>, No. 22 CIV. 7665 (JPC), 2023 WL 6259390, at *3 (S.D.N.Y. Sept. 26, 2023) (citing <u>United States v. Pilcher</u>, 950 F.3d 39, 45 (2d Cir. 2020) (per curiam)). Nevertheless, district courts have the discretion to permit plaintiffs to proceed under a pseudonym if "the plaintiff's need for anonymity" outweighs the "countervailing interests in full disclosure." <u>Sealed Plaintiff</u>, 537 F.3d at 189. The Second Circuit has set forth a ten-factor test to balance the interests at stake:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of the prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

<u>Id.</u> at 189–90 (cleaned up). The Court considers each factor in turn.

### A. Factor 1: Whether the Litigation Involves Highly Sensitive or Personal Matters

The first factor assesses whether the case involves "matters that are highly sensitive and of a personal nature." <u>Id.</u> at 190. Courts in this circuit have held that, while sensitive and personal, histories of addiction, including drug use, on their own do not warrant anonymity in litigation. <u>Doe v. Cigna Health & Life Ins. Co.</u>, No. 25-CV-7021 (DEH) (BCM), 2026 WL 21823, at *3 (S.D.N.Y. Jan. 2, 2026), <u>Doe v. Black Diamond Cap. Mgmt. LLC</u>, No. 22-CV-

3

03194 (PGG) (BCM), 2023 WL 2648017, at *3 (S.D.N.Y. Mar. 27, 2023) (plaintiff's drug addiction and 9-year old arrest was not considered so "highly sensitive" as to warrant anonymity under the Sealed Plaintiff standard); see also Ball v. Skillz Inc., No. 20-cv-00888-JAD-BNW, 2020 WL 6063328, at *1 (D. Nev. Oct. 14, 2020), objections overruled, No. 22 CV 00888 (JAD) (BNW), 2020 WL 6685514 (D. Nev. Nov. 12, 2020), aff'd sub nom. Roe v. Skillz, Inc., 858 F. App'x 240 (9th Cir. 2021) (finding that "a gambling addiction with accompanying mental health problems is not so out of the norm as to constitute sensitive and highly personal in nature"). However, a history of addiction that is intertwined with severe mental illness generally weighs in favor of anonymity.  Cigna Health & Life Ins. Co., 2026 WL 21823, at *3, Doe v. Wesleyan Univ., No. 3:19-CV-01519 (JBA), 2020 WL 13564635, at *3 (D. Conn. Sept. 15, 2020) ("Federal courts in this Circuit and elsewhere consistently hold that severe psychiatric illnesses, including those associated with suicide and self-harm, are subject to substantial societal stigma and constitute intimate, personal matters") (internal citation omitted).

Here, Plaintiff argues that she should be allowed to proceed anonymously because "[l]itigating this case will require Plaintiff to disclose the nature of her addiction, the treatment she has sought, and the course of her recovery," which is information that is "inherently private and typically the type of personal medical information not ordinarily subject to public disclosure."  (Dkt. No. 10-1, at 6.)  Plaintiff also argues that New York "recognizes the sensitivity of compulsive gambling by requiring gambling businesses to maintain the confidentiality of New York's voluntary self-exclusion database."  (Id. at 5.)  Plaintiff states in her declaration that her mental health issues, including "stress, anxiety, depression, and suicidal thoughts," stem from her substantial gambling losses and that she fears that her stress, anxiety, and depression will grow if her name is revealed.  (Dkt. No. 11, Declaration of Jane Doe, ¶¶ 5,

9.)  A letter from Frank Grazioli, LCSW, Supervising Clinical and Assistant Clinical Director, attests that Plaintiff's "diagnostic assessment was found to be consistent with a severe Gambling Disorder."  (Dkt. No. 11, Ex. A.)  Because plaintiff's gambling addiction is intertwined with her serious mental illness, including suicidal ideation, this factor, though narrowly, weighs in favor of Plaintiff proceeding under a pseudonym.

## B.  Factors 2 and 3: Harms to Plaintiff or Innocent Third Parties

The second and third factors inquire into the harm to Plaintiff or third parties.  See Sealed Plaintiff, 537 F.3d at 189 ("whether identification poses a risk of retaliatory physical or mental harm to the ... party [seeking to proceed anonymously] or even more critically, to innocent non-parties," and "whether identification presents other harms and the likely severity of those harms.") (internal citations omitted).  However, "speculative claims of physical or mental harms are insufficient to bolster a request for anonymity."  Doe v. Skyline Automobiles Inc., 375 F. Supp. 3d 401, 406 (S.D.N.Y. 2019), see also Black Diamond Cap. Mgmt. LLC, 2023 WL 2648017, at *4 (plaintiff's general statement without supporting evidence that "disclosure of his identity and history of addiction would cause additional anxiety and stress and would aggravate his illness and possible relapse" was insufficient to support motion to proceed anonymously), Doe v. Weinstein, 484 F. Supp. 3d 90, at 94–5 (S.D.N.Y. 2020) ("a court in this circuit allowed a plaintiff to proceed anonymously when she provided specific evidence from medical professionals predicting that revelation of her identity would likely cause psychological and emotional pain so intense that it would threaten her stability, her safety, and even her life") (internal quotation omitted).  Vague and generalized fears of public humiliation or embarrassment in connection with a plaintiff's reputation or job prospects that are "ungrounded in specifics" are similarly insufficient to weigh in favor of anonymity.  Black Diamond Cap.

Mgmt. LLC, 2023 WL 2648017, at *4. Compare Doe v. McLellan, No. CV 20-5997 (GRB) (AYS), 2020 WL 7321377, at *2 (E.D.N.Y. Dec. 10, 2020) (rejecting plaintiff's argument that her "career prospects will be destroyed" if her name were disclosed where her accompanying affidavit consisted exclusively of "conclusory statements and speculation") with E.B. v. Kimi Crush Ltd., Case No. C26-5216-MLP (W.D. Wash. May 14, 2026) (granting plaintiff, a criminal defense attorney, leave to proceed under a pseudonym in a case against online gambling businesses because plaintiff had raised "reasonable concerns" that revealing her identity and the substantial social and professional stigma related to her gambling addiction would affect her ability to attract and retain clients).

Plaintiff argues that anonymity is warranted because disclosure of her identity would exacerbate her existing mental health issues, including severe anxiety and suicidal ideation – issues caused by Defendants' actions – and could undermine her recovery. (Dkt. No. 10-1, at 6–7.) Plaintiff argues that "in [her] experience, online commentary around settlements in the gambling space can sometimes be vociferous, negative, and misinformed." (Dkt. No. 10-1, at 7.) Plaintiff also argues that there is a "significant possibility that Defendants will contact Plaintiff directly after becoming aware of this case," citing a case in which an online casino contacted plaintiff directly after learning of the lawsuit but before being formally served. (Dkt. No. 10-1, at 7, citing Hobbs v. Genesys Tech. N.V., No. 23-CV-413-CHB-CHL, 2024 WL 992482 (W.D. Ky. Mar. 7, 2024). In addition, Plaintiff argues that her disclosure would harm her professional standing as an attorney, resulting in a loss of business and impairing her ability to represent clients effectively. (Dkt. No. 10-1, at 8.)

Plaintiff's arguments regarding the unforgiving online commentary "in counsel's experience" are merely conclusory and unsupported by evidence. Plaintiff points to Hobbs to

argue that there is a "significant possibility" that Defendants will contact Plaintiff, but neither Plaintiff's memorandum of law nor her declaration support this conclusory allegation in this case. Moreover, as a close reading of <u>Hobbs</u> shows, the defendant in <u>Hobbs</u> reached out to the plaintiff directly to settle the case, which the parties did shortly thereafter, and not, as Plaintiff seems to imply, to retaliate or harass her. <u>Hobbs</u>, 2024 WL 992482, at *1.[1] Plaintiff's claims regarding the psychological harm she would face are similarly insufficiently corroborated by evidence. While the Grazioli Letter corroborates Plaintiff's Gambling Disorder diagnosis, it neither states with specificity which of the nine Gambling Disorder criteria Plaintiff exhibits nor opines on the harm Plaintiff will suffer if her identity is disclosed, including the severity or likelihood of the harm she would suffer. As such, the second factor favors disclosure.

Nevertheless, the Court notes that Plaintiff is seeking redress for economic damages and psychological injuries Defendants allegedly caused by illegally operating the gambling websites. (Compl. ¶ 83, 84, Dkt. No. 10-1, at 8.) As Plaintiff argues, public disclosure of her identity "would permanently link her name to the very addiction and mental health struggles at the center of this litigation," which would exacerbate the stigma and injury she is seeking to redress with this litigation. The Court agrees that Plaintiff should not have to face further injury by disclosing her name in order to bring an action against Defendants to seek redress for other injuries Defendants caused. Moreover, Plaintiff has stated with specificity why she fears reputational damage and loss of business, explaining in her affidavit that she practices "criminal defense in state and federal court" and fears that she "will have difficulty finding new clients and gaining clients' and potential clients' trust for [her] criminal defense work." (Dkt. No. 11, Ex. A, ¶ 8.)

---

[1] Because Plaintiff in the instant case is represented by counsel, any communication from Defendants related to this case must be through Plaintiff's counsel or with counsel's consent.

The Court finds that Plaintiff's concerns are reasonable and that she has sufficiently shown that disclosure of her identity would harm her reputation. Accordingly, the third factor weighs in favor of anonymity.

**C. Factor 4: Particular Vulnerabilities**

The fourth factor considers whether the plaintiff is particularly vulnerable to possible harm. Sealed Plaintiff, 537 F.3d at 190. Plaintiff argues that while "courts often analyze this factor with reference to age, vulnerability may also stem from a plaintiff's mental health condition and susceptibility to harm." (Dkt. No. 10-1, at 9.) Plaintiff is an adult so is not particularly vulnerable based on her age. At this point, Plaintiff's conclusory statements regarding the psychological harm she may face are insufficient to support a finding that she is particularly vulnerable. See supra, 2(B). As such, this factor weighs against anonymity.

**D. Factor 5: Government or Private Actor**

The fifth factor considers "whether the suit is challenging the actions of the government or that of private parties." Sealed Plaintiff, 537 F.3d at 190. Because suits against the government "involve no injury to the Government's reputation" but suits against private parties may involve injury to a private party's reputation, "courts are less inclined to allow plaintiffs to proceed anonymously in private party cases." McLellan, 2020 WL 7321377, at *2. Plaintiff argues that despite Defendants being private parties, the claims concern matters of public interest and affect many similarly situated individuals, and thus "the private-party nature of the suit does not materially undermine Plaintiff's request to proceed pseudonymously." (Dkt. No. 10-1, at 10.) If Plaintiff's allegations are true, and Defendants were operating an illegal gambling website that lacks safeguards to protect against gambling addiction, the public interest in

8

permitting Plaintiff to proceed anonymously weighs in favor of anonymity. Because Defendants have not yet been served, they have not had an opportunity to put forth their "substantial interest in maintaining their good name and reputation." McLellan, 2020 WL 7321377, at *2–3. At this point, the Court finds this factor weighs in favor of anonymity.

### E. Factor 6: Defendants' Prejudice

The sixth factor considers "whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously." Sealed Plaintiff, 537 F.3d at 190. In assessing defendants' prejudice, courts have found that "allowing plaintiff to proceed anonymously would disadvantage the defendant at all stages of litigation, including settlement, discovery, and trial" because Plaintiff's anonymity would make it more difficult "to obtain witnesses and witness testimony, defendant would have less leverage in settlement negotiations, and defendants would not be able to fully and adequately cross-examine the plaintiff." McLellan, 2020 WL 7321377, at *3. On the other hand, courts have also found that defendants do not suffer prejudice when plaintiffs offer to disclose their names to defendants and that the difficulty of conducting discovery because of Plaintiff's anonymity is reduced where defendants know plaintiffs' identity. See Doe v. Gooding, No. 20-CV-06569 (PAC), 2022 WL 1104750, at * 7 (S.D.N.Y. Apr. 13, 2022) (citing Doe v. Townes, No. 19-cv-8034 (ALC) (OTW), 2020 WL 2395159 (S.D.N.Y. May 12, 2020)).

Plaintiff argues that Defendants will suffer no prejudice because Plaintiff will disclose her identity to Defendants under a protective order, which will "in no way" hinder Defendant's ability to defend itself. (Dkt. No. 10-1, at 10.) Because Defendants have not yet been served, they have not been able to raise particular challenges anonymity may cause in this litigation.

Nevertheless, because Plaintiff is prepared to disclose her identity to Defendants, this factor weighs in favor of permitting her to proceed anonymously on a provisional basis.

**F. Factor 7: Status of Plaintiff's Identity So Far**

The seventh factor considers "whether the plaintiff's identity has thus far been kept confidential." Sealed Plaintiff, 537 F.3d at 190. Plaintiff has not publicly disclosed her identity in connection with the instant action. (Dkt. No. 10-1, at 11.) Accordingly, factor seven weighs in favor of anonymity.

**G. Factors Eight and Nine: The Public's Interest in the Litigation**

The eighth and ninth factors consider "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity" and "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities." Sealed Plaintiff, 537 F.3d at 190. Where the litigation involves not just "abstract challenges to public policies, but rather particular action and incidents, open proceedings nevertheless benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication." Telemundo Network Grp. LLC, 2023 WL 6259390, at *7.

Plaintiff argues that these factors favor anonymity because the "action is against private entities," "the public interest centers on Defendants' alleged operation of an illegal offshore gambling enterprise," and because Plaintiff's personal identity is irrelevant to the case's issues. (Dkt. No. 10-1, at 12.) The Court agrees that Plaintiff's personal identity is not central to the case because it does not involve particular actions or incidents but rather challenges Defendants'

alleged illegal operation of a gambling platform.  As such, factors eight and nine weigh in favor of anonymity.

### H.  Factor Ten: Alternative Mechanisms

The tenth factor considers "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff."  Sealed Plaintiff, 537 F.3d at 190.  Plaintiff argues that proceeding under a pseudonym "represents the least restrictive alternative that adequately protects Plaintiff's confidentiality" and that "Defendants have not indicated any willingness to abide by protective orders, redactions, confidentiality agreements, or other measures."  (Dkt. No. 10-1, at 12.)  However, Plaintiff in her motion neither explained what led her to this conclusion nor included specific evidence to support her statement.  The Court cannot fully assess the factor or the viability of less restrictive means until it hears from Defendants.  Accordingly, the Court cannot fully weigh the tenth factor at this time.

After careful review of all ten Sealed Plaintiff factors and Plaintiff's arguments, the Court finds that there are factors weighing both for and against anonymity.  Reviewing the factors in their totality, the Court thus finds that Plaintiff narrowly has met her burden of rebutting Rule 10(a)'s strong presumption that her name must be disclosed and PROVISIONALLY GRANTS Plaintiff's motion to proceed under a pseudonym. Before making a final decision as to whether plaintiff can proceed anonymously for the entire duration of the case, the Court will need additional information from Defendants and will need to assess less restrictive alternatives to complete anonymity.   But making Plaintiff's name public cannot be undone and Plaintiff has put forth sufficient support for her motion to permit her to proceed anonymously initially.  In consequence, the Court PROVISIONALLY GRANTS Plaintiff's request to proceed under a

pseudonym.  Plaintiff may remain Jane Doe in the case caption and the complaint may be served with plaintiff identified by the pseudonym.

**3) Conclusion**

For the foregoing reasons, Plaintiff's Motion to Proceed under a Pseudonym is PROVISIONALLY GRANTED.  The Clerk of Court is respectfully directed to issue summons to Defendants.  Once issued, Plaintiff shall serve Defendants within 90 days.

Within 30 days of appearing in this case, each defendant is directed to meet and confer with Plaintiff's counsel regarding less restrictive alternatives to complete anonymity and provide a status update to the Court indicating whether they intend to move for reconsideration of this Order, do not oppose Plaintiff proceeding under a pseudonym, or have agreed to less restrictive alternatives to complete anonymity.

**SO ORDERED.**

Dated: June 30, 2026
Brooklyn, New York

/s/ Peggy Cross-Goldenberg
Peggy Cross-Goldenberg

United States Magistrate Judge
Eastern District of New York